UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| COLD SPRING GRANITE COMPANY, | Civ. No. 10-4272 (JRT/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| MATTHEWS INTERNATIONAL CORPORATION, and MATTHEWS RESOURCES, INC., | |
| Defendants. | |

---

This matter is before the Court upon Defendants' Motion to Dismiss, which has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons set forth below, it is recommended that Defendants' Motion to Dismiss be denied.

**I.   BACKGROUND**

In this patent case, Plaintiff Cold Spring Granite Company seeks a declaratory judgment that United States Patent No. 7,814,959 (the '959 patent), which is owned or controlled by Defendants Matthews International Corporation and Matthews Resources, Inc., is invalid or unenforceable and that Plaintiff has not infringed the '959 patent.

According to the Amended Complaint, Plaintiff "makes, uses, and sells, among other things, cast bronze products," and as relevant here, uses a process to convert "photographic images into bronze castings that, through variations in relief, mimic the image in the photograph." (Am. Compl., Dkt. 4, at ¶s 7-8).  Defendants also produce and sell a line of cast bronze products which compete with Plaintiff's products.

1

The '959 patent was issued on October 19, 2010, and is entitled "Method of Making a Cast Metal Product Including a Three-Dimensional Image, and a Product Made by Said Method." (Id. at Exh. A; ¶ 5). The patent designates Michael Karenbauer as the inventor, and Matthews Resources as the assignee. (Id. at Exh. A). Plaintiff alleges that Defendants Matthews Resources and Matthews International "act in concert with regard to the '959 patent," that Matthews International is the apparent and de facto assignee of the '959 patent, that Defendants are alter egos, that Defendants are engaged in a joint enterprise, and that Defendants are actual or apparent agents of each other. (Id. at ¶s 6, 14-20).

Prior to the present lawsuit and while the '959 patent application was still pending, Matthews International sent a letter to Plaintiff dated May 8, 2006, which stated:

> It has recently come to our attention that Cold Springs/Granite-Bronz is offering for sale cast memorial products that would appear to be covered by the pending Matthews patent application. Once the pending patent application issues into a United States patent, Matthews intends to enforce that patent against anyone that it concludes is in violation of the patent rights granted to Matthews by the United States Patent and Trademark Office. We are advising Cold Springs/Granite-Bronz of the existence of the pending Matthews patent application in order to permit it to modify the process that it may be currently using to manufacture these cast memorial products now being offered by Cold Springs/Granit-Bronz.

(Id. at ¶ 9; Exh. B).

In its Amended Complaint, Plaintiff has asserted three counts against Defendants. In Count I, Plaintiff claims that the '959 patent is invalid and void for failure to comply with the statutory requirements of patentability under 35 U.S.C. § 101 et seq. In Count II, Plaintiff seeks a judgment of noninfringement of the '959 patent. Lastly, in Count III, Plaintiff seeks a

2

judgment declaring the '959 patent unenforceable due to Defendants' inequitable conduct before the Patent and Trademark Office (PTO).[1]

## II. STANDARD OF REVIEW

In its Motion to Dismiss, Defendants first argue that Plaintiff has failed to state a claim upon which relief can be granted pursuant to Fed. R. Civ. Pro. 12(b)(6). "A motion to dismiss for failure to state a claim upon which relief can be granted is a purely procedural question not pertaining to patent law," and therefore, the law of the regional circuit applies. McZeal v. Spring Nextel Corp., 501 F.3d 1354, 1355-56 (Fed. Cir. 2007). Substantive matters that are unique to patent law are governed by the law of the Federal Circuit. Reebok International Ltd. v. J. Baker, Inc., 32 F.3d 1552, 1555 (Fed. Cir. 1994).

Fed. R. Civ. Pro. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In addressing a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim, "we look only to the facts alleged in the complaint and construe those facts in the light most favorable to the plaintiff." Riley v. St. Louis County of Mo., 153 F.3d 627, 629 (8th Cir. 1998), cert. denied, 525 U.S. 1178 (1999), citing Double D Spotting Service, Inc. v. Supervalu, Inc., 136 F.3d 554, 556 (8th Cir. 1998). All reasonable inferences must be drawn in favor of the nonmoving party. Maki v. Allete, Inc., 383 F.3d 740, 742 (8th Cir. 2004).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief'

---

[1] Both parties expressed an interest in engaging in settlement negotiations at the hearing on this motion, so the Court held its decision in abeyance for 45 days while the parties engaged in settlement negotiations. Upon receipt of a letter dated May 6, 2011, which indicated that settlement negotiations were ongoing, the Court again delayed issuing its Report and Recommendation until after May 27, 2011.

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)[citations omitted].  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009), quoting Bell Atlantic Corp., 550 U.S. at 556-57.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Id. at 1950.

Defendants also move to dismiss Plaintiff's Amended Complaint for lack of declaratory judgment jurisdiction pursuant to Fed. R. Civ. Pro. 12(b)(1).[2]  Specifically, Defendants argue that Plaintiff has failed to establish the existence of a live case or controversy.

This case is brought under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), which states:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

The purpose of the Declaratory Judgment Act is to allow alleged infringers to "clear the air" before they have incurred substantial damages or have been forced to abandon their enterprises. Hewlett-Packard Co. v. Acceleron LLC, 587 F.3d 1358, 1362 (Fed.Cir. 2009).

---

[2] Defendants did not initially designate their motion as a Rule 12(b)(1) motion and did not raise their jurisdictional argument until they filed their reply brief.  The Court generally does not consider arguments made for the first time in a reply brief.  Britton v. Astrue, 622 F.Supp.2d 771, 790 (D. Minn. 2008).  The Court has nevertheless considered the argument given that it implicates the Court's jurisdiction to hear this case.

In resolving a motion to dismiss under Rule 12(b)(1), the Court is not limited to a consideration of the face of the complaint and may also consider evidence submitted by the parties. Gilmore v. Northwest Airlines, Inc., 504 F.Supp.2d 649, 653 (D. Minn. 2007). "The burden is on the party claiming declaratory judgment jurisdiction to establish that such jurisdiction existed at the time the claim for declaratory relief was filed and that it has continued since." Benitec Australia, Ltd. v. Nucleonics, Inc., 495 F.3d 1340, 1344 (Fed.Cir. 2007), cert. denied, 553 U.S. 1014 (2008).

### III.   DISCUSSION

#### A.   Inequitable Conduct Claim

In their motion, Defendants initially sought dismissal of Plaintiff's inequitable conduct claim for failure to plead sufficient facts in support. In response, Plaintiff has withdrawn its inequitable conduct claim, without prejudice, and has reserved the right to reassert the claim after the conduct of discovery. (Pl.'s Memo. in Opp., Dkt. 12, at p. 2). As such, the Court finds that Defendants' Motion to Dismiss should be denied as moot as to Plaintiff's inequitable conduct claim.

#### B.   Non-Infringement Claim

Next, Defendants argue that Plaintiff has failed to state a claim for non-infringement because it seeks a declaratory judgment that **unspecified** products or methods do not infringe the '959 patent.

In a patent infringement suit, in order to give the defendant fair notice of the basis of a claim, the plaintiff must "identify, with the requisite level of factual detail, the particular product

5

or line of products that allegedly" infringe the patent-in-suit.  Bender v. Motorola, Inc., 2010 WL 726739 at *3 (N.D.Cal. Feb. 26, 2010)(conclusory allegations regarding a litany of allegedly infringing products, including "without limitation, cell phones, computers, network drivers, high definition television sets, ultrasound machines, MRI machines, lap equipment, arbitrary waveform generators, audio amplifiers, video amplifiers, hard disc drives," etc., was insufficient to give defendant fair notice of the basis for the claim).  Simply put, without reference to particular products or processes that have been identified with the requisite level of factual detail, the Court would be unable to determine if infringement has occurred.  However, while the Court accepts the underlying premise of Defendants' argument – i.e., that Plaintiff must allege a product or process that is at issue with the requisite level of factual detail – the Court finds that Defendants have failed to demonstrate that Plaintiff has not met this standard in the present case.

In Count II seeking a declaration of non-infringement, Plaintiff asserts that it "has not infringed, is not now infringing, and has not contributorily infringed or induced infringement of any valid claims of the '959 patent."  (Am. Compl., at ¶ 26).  Plaintiff also alleges that Defendants "have created a reasonable apprehension of a suit for infringement of the '959 patent with respect to Plaintiff's ability to make, use, or sell at least some of its products."  (Id. at ¶ 10).  Defendants rely on this language to suggest that Plaintiff has not sufficiently alleged a single product or methodology that is at issue in this litigation for which Plaintiff seeks a declaratory judgment.

Although Plaintiff's Amended Complaint is not greatly detailed, when reviewing the pleading as a whole, rather than reading limited paragraphs in isolation, the Court finds that Plaintiff has clearly identified the process that is at issue in this litigation.  See, e.g., Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009)("the complaint should be read as a

whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible"). In its Amended Complaint, Plaintiff alleges that it makes and sells "cast bronze products," and that it "converts photographic images to bronze castings that, through variations in relief, mimic the image in the photograph." (Am. Compl., at ¶s 7-8). Immediately thereafter, Plaintiff alleges that Matthews International sent Plaintiff a letter stating its belief that Plaintiff "is offering for sale cast memorial products that would appear to be covered by the pending Matthews patent application." (Id. at ¶ 9). Read together, it is clear that the products and methodologies at issue are those involving the conversion of photographic images to bronze cast products that mimic the image in the photograph based upon variations in relief.

Moreover, at the hearing on Defendants' motion, counsel for Plaintiff further detailed the process and the resulting product that are at issue in this litigation:

> "[T]he product at issue is very clear. In the Complaint, Cold Spring clearly stated that it makes a bronze-cast product that mimics the image of a photograph. And if I might go through the process, it's the only process that either party, I believe, knows to use to make the product that the Court has in its hand. You start out with a photograph, it's converted to a black-and-white image. A computer converts the tone of the black-and-white image, the grayscale tone, to determine the relief depth on a model that's used to create a mold and, then, the mold is filled with bronze . . . The point is there is no product covered by the patent. That's a mistake. The patent covers the process."

(Dkt. 23, at p. 10-11 of 22). Counsel for Plaintiff indicated that this process did not have a more specific, industry-recognized name, and that Plaintiff would refer to it as "the process of making a bronze casting that mimics a photograph." (Id. at p. 11 of 22). Counsel further stated that it could not be more specific regarding its description of the process and resulting product at issue, and that Plaintiff does not produce similar products or conduct any other processes that could be confused with the above-described process and resulting product. (Id. at pp. 11-12 of 22). After

7

this explanation was provided, defense counsel acknowledged that it was really a process, rather than an identifiable product, that was at issue.  (Id. at p. 19 of 22).

The Court finds that Plaintiff has stated a plausible claim for non-infringement, and that it has sufficiently identified and alleged the process and resultant product for which it seeks a declaratory judgment.  Plaintiff's Amended Complaint clearly identifies the process at issue, namely, the process Plaintiff uses to convert photographic images into bronze castings that, through variations in relief, mimic the image in the photograph.  Plaintiff's description of the process at the hearing affirms that this statement identifies **with specificity** what is at issue in this declaratory judgment action.

In Iqbal, the Supreme Court advised that determining whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 129 S.Ct. at 1950.  In this case, common sense is sufficient and compels the Court to conclude that Plaintiff has alleged with the requisite level of specificity and clarity the process for which it seeks a declaratory judgment.  Simply put, Plaintiff seeks a declaratory judgment that its only process for converting a photographic image into a cast bronze product, based upon variations in relief, does not infringe the Defendants' '959 patent.  This explanation clearly identifies a process that can be distinguished from other products Plaintiff makes and other processes that it uses.  Defendants have not provided any persuasive explanation or illustration of why Plaintiff's Amended Complaint does not adequately identify the process, and it is not readily apparent to the Court why the above description does not fairly put Defendants on notice of the method for creating a bronze casting for which Plaintiff seeks a declaratory judgment.  Cf., Hewlett-Packard Co. v. Intergraph Corp., 2003 WL 23884794 at *1 (N.D.Cal., Sept. 6, 2003) (plaintiff's allegation that defendants infringed the patent by selling "infringing

software and hardware products" was insufficient to provide fair notice based on the fact that plaintiff's allegations implicated more than 4000 of defendant's products); Eidos Communications, LLC v. Skype Technologies SA, 686 F.Supp.2d 465, 467 (D.Del. 2010)("Plaintiffs were obligated to specify, at a minimum, a general class of products or **a general identification of the alleged infringing methods**")[emphasis added]. The Court is satisfied that Defendants have been provided with fair notice of the methodology for which Plaintiff seeks a declaratory judgment, and accordingly, Defendants' Motion to Dismiss should be denied on this basis.

### C.   Live Case or Controversy

Defendants also seek dismissal of Counts I (invalidity) and II (non-infringement) because Plaintiff has failed to establish the existence of a live case or controversy.

A court has subject matter jurisdiction under the Declaratory Judgment Act only if "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interest, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007). MedImmune's "all of the circumstances" standard modified the Federal Circuit's prior "reasonable apprehension of suit" test. See Geospan Corp. v. Pictometry International Corp., 598 F.Supp.2d 968, 970 (D.Minn. 2008)(noting that MedImmune lowered the bar for declaratory judgment jurisdiction). Accordingly, "following MedImmune, proving a reasonable apprehension of suit is one of multiple ways that a declaratory judgment plaintiff can satisfy the more general all-the-circumstances test to establish that an action presents a justiciable Article III controversy." Prasco, LLC v. Medicis Pharmaceutical Corp., 537 F.3d 1329, 1336 (Fed. Cir.

2008)[citation omitted].³ A dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests," "real and substantial," and "admit of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." MedImmune, Inc., 549 U.S. at 771 [citations omitted].

Applying the principles set forth by the Supreme Court in MedImmune, the Federal Circuit has explained:

> "Article III jurisdiction may be met where the patentee takes a position that puts the declaratory judgment plaintiff in the position **of either pursuing arguably illegal behavior or abandoning that which he claims a right to do**. . . . [W]here a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without license, an Article III case or controversy will arise and the party need not risk a suit for infringement by engaging in the identified activity before seeking a declaration of its legal rights."

SanDisk Corp. v. STMicroelectronics, Inc., 480 F.3d 1372, 1381 (Fed. Cir. 2007) [emphasis added] (finding live case or controversy where defendant "has engaged in a course of conduct that shows a preparedness and willingness to enforce its patent rights.")

Defendants' primary argument is that Plaintiff has failed to establish a concrete, judiciable dispute because it is seeking a declaratory judgment as to unspecified products. For the reasons discussed in the previous section, the Court has already concluded that Plaintiff has

---

³ "Prior to MedImmune, Federal Circuit case law required a party seeking declaratory relief to establish 'both (1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity.'" Furminator, Inc. v Ontel Products Corp., 246 F.R.D. 579, 584 (E.D. Mo. 2007), quoting Super Sack Manufacturing Corp. v. Chase Packaging Corp., 57 F.3d 1054, 1058 (Fed. Cir. 1995).

sufficiently described an identifiable and distinct methodology for creating a bronze casting from a photographic image, and the description appears to be as specific an identification as is possible under the circumstances. Defendants have not provided the Court with any reason to believe that Plaintiff's explanation of the methodology at issue is insufficiently specific. Therefore, the Court finds this argument to be entirely without merit.

The Court is therefore left only with Defendants' contention that the 2006 letter was not sufficiently immediate to support jurisdiction. In their letter, Defendants stated as follows:

> "In 2005 Matthews introduced to the marketplace a new series of cast memorial plaques under the trademarks "Lasting Memories™" and "Image Cast™" both of which are the subject of pending United States patent protection. It has recently come to our attention that Cold Springs/Granit-Bronz **is offering for sale cast memorial products that would appear to be covered by the pending Matthews patent application. Once the pending patent application issues into a United States patent, Matthews intends to enforce the patent** against anyone that it concludes is in violation of the patent rights granted to Matthews by the United States Patent and Trademark Office. We are advising Cold Springs/ Granit-Bronz of the existence of the pending Matthews patent application **in order to permit it to modify the process** that it may be currently using to manufacture these cast memorial products now being offered by Cold Springs/Granit-Bronz."

(Am. Compl., at Exh. B)[emphasis supplied]. Since the filing of this lawsuit, Defendants have consistently maintained that Plaintiff infringes the '959 patent and that Plaintiff needs to have a license to continue to produce its photographic bronze relief products through the methodology described above. (Dkt. 23, at p. 14 of 22).

Plaintiff argues that the 2006 letter essentially threatens it with a patent infringement suit upon issuance of the '959 patent, unless it ceases to use or alters its process. Plaintiff asserts that "it has the right to continue making three-dimensional cast memorial products derived from photographs and refused to go forward under the cloud of [Defendants'] threat." In order to

11

eliminate the uncertainty created by this threat, Plaintiff filed this declaratory judgment action for non-infringement.

The Court finds that under the totality of all of the circumstances there is a substantial controversy of sufficient immediacy to warrant declaratory relief, as Plaintiff is essentially "in the position of either pursuing arguably illegal behavior or abandoning that which [it] claims a right to do." SandDisk, 480 F.3d at 1381. In the warning letter, Matthews International made clear its belief that Plaintiff's process was covered by Defendants' pending patent and that it intended to enforce its rights upon the issuance of the patent if Plaintiff did not modify its conduct. Defendants had a present intention to enforce their rights as to Plaintiff upon the issuance of the '959 patent, and the dispute thereon between the parties continues to this day. Defendants continue to pursue protection of their patent rights by continuing to claim an entitlement to royalties from Plaintiff in connection with the '959 patent. The parties continue to dispute whether Plaintiff is infringing the '959 patent. Plaintiff has not modified its conduct or ceased pursuing the allegedly infringing activity, and as such, upon issuance of the patent, Plaintiff was not required to abandon its enterprise or incur substantial damages before resolving the question of the parties' respective rights. As such, Plaintiff was entitled to commence this declaratory judgment action upon the issuance of the '959 patent in order to clear the air and resolve the parties' ongoing dispute regarding the '959 patent.

Moreover, the Court finds the cases cited by Defendants to be inapposite and entirely distinguishable from the present case. First, Defendants have cited to Spectronics Corp. v. H.B. Fuller Co., 940 F.2d 631, 636 (Fed. Cir. 1991), for the proposition that an issued patent claim "presently enforceable against [plaintiff], are a requisite to litigation of a declaratory judgment action." Had Plaintiff attempted to file this lawsuit before the '959 patent issued, the Court

would have been compelled to conclude that there was no live case or controversy, as there would not have been a presently enforceable patent claim. However, in this case, Plaintiff instituted the declaratory judgment action **after** the patent had issued. Defendants have previously manifested and maintain their intent to enforce the '959 patent against Plaintiff for allegedly infringing activity. Once the patent issued, Plaintiff was therefore free to bring a declaratory judgment action against Defendants so long as there was a concrete dispute involving a presently enforceable patent.

For similar reasons, the Defendants' reliance on Dow Jones & Co., Inc. v. Ablaise Ltd., 606 F.3d 1338, 1349 (Fed.Cir. 2010) is also misplaced. In that case, the Federal Circuit concluded that the court had been divested of jurisdiction as a result of a covenant not to sue for any alleged infringement of the patent-in-suit. Because the defendant could not sue for infringement, there was no dispute to resolve because the patent could not be enforced against the declaratory judgment plaintiff. There is no covenant not to sue in the present case, and therefore, the Dow Jones case is clearly distinguishable.

In sum, the Court finds that there is a live case or controversy between the parties that is capable of adjudication by the Court based on the totality of all of the circumstances; therefore, Defendants' motion to dismiss should be denied on this basis.

### D.     Allegations Regarding the Relationship Between the Defendants

Lastly, Defendants contend that Plaintiff has failed to plead factual content in support of its allegations, asserted in the alternative, that Matthews International is the apparent and de facto assignee of the '959 patent; that Defendants are alter egos; that Defendants are engaged in a joint

enterprise; or that Defendants are each other's actual or apparent agents. (Def.'s Memo. in Supp., at pp. 7-8).

Relying on Hamilton v. Palm, 621 F.3d 816 (8th Cir. 2010), Plaintiff argues that the above allegations provide Defendants with fair notice of its joint enterprise, agency, alter ego, and de facto assignee claims. In Hamilton, the Eighth Circuit concluded that the plaintiff's bare allegation that defendant was plaintiff's employer satisfied the pleading requirements of Rule 8. 621 F.3d at 818 ("the district court erred in concluding that Hamilton's allegation of employee status, however facially conclusory it might appear to be in the abstract, failed to satisfy Rule 8(a)(2)"). Reading the pleading as a whole, Plaintiff contends that they have alleged sufficient facts to support a reasonable inference that Defendants stand in each other's shoes for purposes of the '959 patent, and consequently, that the claims have facial plausibility. The Court agrees.

While Plaintiff's Amended Complaint may not be a model pleading, the factual support for these allegations is apparent on the face of Plaintiff's Amended Complaint. Matthews International appears to be the entity that is enforcing the patent, while Matthews Resources is the entity that has been assigned the patent rights, which raises the reasonable inference that both Defendants are proper parties to this declaratory judgment action. Plaintiff should be permitted to further explore the relationship between the Defendants as it pertains to their rights relative to the '959 patent. Accordingly, the Court finds that Defendants' Motion to Dismiss should be denied on this basis as well.[4]

---

[4] Defendants have not explicitly argued that Plaintiff failed to state a claim for invalidity, nor have they raised any arguments that apply specifically to the invalidity claim, other than the argument that the claim fails to raise a live case or controversy. While Defendants imply that Plaintiff's entire pleading is defective (which presumably implies the invalidity claim fails to state a plausible claim), the Court will not address arguments that were not briefed by the

14

## IV.   RECOMMENDATION

For the foregoing reasons, and based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

Defendants' Motion to Dismiss [Docket No. 6] be DENIED.


Dated: June 1, 2011                                       s/Leo I. Brisbois
                                                          LEO I. BRISBOIS
                                                          United States Magistrate Judge

## N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by June 15, 2011,** a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.

---

Defendants.  Accordingly, as the Court has rejected Defendants' other arguments for dismissal, the Court finds that Plaintiff's invalidity claim must also survive Defendants' Motion to Dismiss.