# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| COLD SPRING GRANITE COMPANY, | Civil No. 10-4272 (JRT/LIB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION** |
| MATTHEWS INTERNATIONAL CORPORATION and MATTHEWS RESOURCES, INC., | |
| Defendants. | |

Aaron M. Johnson, **MERCHANT & GOULD PC**, 80 South Eighth Street, Suite 3200, Minneapolis, MN 55402; and Jon R. Trembath, **MERCHANT & GOULD PC**, 1050 Seventeenth Street, Suite 1950, Denver, CO 80265, for plaintiff.

Devan V. Padmanabhan and Paul J. Robbennolt, **DORSEY & WHITNEY LLP**, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402; and Gene A. Tabachnick, **REED SMITH LLP**, 225 Fifth Avenue, Pittsburgh, PA 15222, for defendants.

Plaintiff Cold Spring Granite Company ("Cold Spring") filed this action against defendants Matthews International Corporation and Matthews Resources, Inc. ("the Matthews defendants") seeking a declaratory judgment that the Matthews defendants' United States Patent No. 7,814,959 ("the '959 patent") is invalid or unenforceable and that Cold Spring has not infringed upon it. The Matthews defendants moved to dismiss the case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and for

lack of jurisdiction for want of an actual controversy under Rule 12(b)(1).[1]  United States
Magistrate Judge Leo I. Brisbois issued a Report & Recommendation ("R&R") on
June 1, 2011, recommending that the Court deny the motion to dismiss.  Having reviewed
*de novo* those portions of the R&R to which the Matthews defendants object, *see* 28
U.S.C. § 636(b)(1)(C), D. Minn. L.R. 72.2, the Court overrules the objections, adopts the
R&R, and denies the motion.

## BACKGROUND

Cold Spring is a company that "makes, uses, and sells, among other things, cast
bronze products.  [It] converts photographic images to bronze castings that, through
variations in relief, mimic the image in the photograph."  (First Am. Compl. ¶¶ 7-8,
Docket No. 4.)  By letter of May 8, 2006 (the "2006 letter"), the Matthews defendants,
which also create bronze castings that reflect photographic images, asserted:

> It has recently come to our attention that Cold Spring[] . . . is offering for
> sale cast memorial products that would appear to be covered by the pending
> Matthews patent application.  Once the pending patent application issues
> into a United States patent, Matthews intends to enforce that patent against
> anyone that it concludes is in violation of the patent rights granted to
> Matthews by the United States Patent and Trademark Office.

(*Id.* ¶ 9.)  On October 19, 2010, the same day the '959 patent was issued to the Matthews
defendants, Cold Spring filed the instant lawsuit.  In its complaint, Cold Spring seeks a

---

[1]  Defendants' motion to dismiss refers only to Rule 12(b)(6).  (*See* Docket No. 8.)
Although defendants raised the jurisdictional argument for the first time in their reply brief,
the Magistrate Judge was nonetheless willing to consider it because it implicated the Court's
jurisdiction, an issue that the Court must consider at any stage of litigation.  *See* Fed. R. Civ. P.
12(h)(3).  Likewise, the Court will address the Matthews defendants' jurisdictional challenge.

declaration that the '959 patent is invalid and unenforceable, and that Cold Spring has not, and is not now, infringing on the '959 patent.  (*Id.* at 5-6.)

The Matthews defendants moved to dismiss the First Amended Complaint pursuant to Rule 12(b)(6) for insufficient specificity, and pursuant to Rule 12(b)(1) for failure to establish the existence of a live case or controversy.  Following the Magistrate Judge's R&R recommending denial of their motion to dismiss, the Matthews defendants submitted timely objections.

## ANALYSIS

### I.    RULE 12(b)(6) CHALLENGE: SUFFICIENTLY SPECIFIC ALLEGATIONS

When reviewing a complaint under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to the nonmoving party."  *Carton v. Gen. Motors Acceptance Corp.*, 611 F.3d 451, 454 (8th Cir. 2010).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  Nonetheless, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . ."  *Twombly*, 550 U.S. at 555.  For non-fraud related claims, the pleading standard of the Federal Rules of Civil Procedure requires only "a short and plain

statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).

The Matthews defendants argue that Cold Spring has failed to state a claim for non-infringement because its First Amended Complaint does not specify the products or methods that it asserts do not infringe on the '959 patent.   The Court agrees with the Magistrate Judge's conclusion that the First Amended Complaint sufficiently specifies the infringing products or process at issue in this case.   In particular, the First Amended Complaint alleges that Cold Spring converts photographic images to bronze castings, and that the Matthews defendants informed it by letter that its cast memorial products would appear to be covered by the pending '959 patent application.   From these allegations, it is clear that the products or process at issue are the cast bronze products resulting from the process of conversion from photographic images.   While the First Amended Complaint may have benefited from enhanced specificity, it is sufficiently specific to pass muster under Rules 8 and 12(b)(6).   *See, e.g.*, *e-LYNXX Corp. v. InnerWorkings, Inc.*, No. 1-10-cv–02535, 2011 WL 3608642, at \*5 (M.D. Pa. July 26, 2011) ("*Twombly* and *Iqbal* do not impose a heightened or particularized standard of factual specificity for direct-infringement claims."); *Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 531 F. Supp. 2d 620, 622 (S.D.N.Y. 2008) (denying motion to dismiss for alleged failure in specificity where the complaint identified type of allegedly infringing eyeglasses with "magnetic frames and clip-on attachments"); *see also Interdigital Tech. Corp. v. OKI Am., Inc.*, 845 F. Supp. 276, 283 (E.D. Pa. 1994) ("Plaintiff need not identify, in the complaint, specific products by name, so long as they are sufficiently identified in some way.").

The Matthews defendants object that the Magistrate Judge relied upon a factual misrepresentation made by Cold Spring's counsel at the motion hearing.  Cold Spring's counsel, in defending the sufficiency of the First Amended Complaint, stated:

> [T]he product at issue is very clear.  In the Complaint, Cold Spring clearly stated that it makes a bronze-cast product that mimics the image of a photograph.  And if I might go through the process, it's the only process that either party, I believe, knows to use to make the product that the Court has in its hand.

(Hr'g Tr. at 10-11, Docket No. 23.)   Counsel further represented at the hearing that Cold Spring does not produce similar products or conduct any other processes that could be confused with this process and resulting product.  (R&R at 7, Docket No. 26.)  According to the Matthews defendants, however, Cold Spring revealed after the hearing that it employs **two** processes for converting photographic images into bronze castings, one of which – a new "non-router" manufacturing process – the Matthews defendants assert "clearly would not infringe" on the '959 patent.  The Matthews defendants argue that if Cold Spring employs both a router process, arguably covered by the '959 patent, **and** a non-router process to produce its castings, then the First Amended Complaint is insufficiently specific.

According to Cold Spring, it always employed only one procedure, the router process.  To mitigate potential liability for infringement of the '959 patent, however, Cold Spring invested in a non-router process and has attempted to employ it since January 2011.  At the time of the hearing, Cold Spring asserts, it was not confident that its non-router process would be effective and, in fact, Cold Spring claims continued problems with its implementation.  Apparently, the company currently uses the routing

process as a backup mechanism when difficulties with the non-router process arise. Cold Spring argues that without the threat of patent enforcement from the Matthews defendants, it would continue to rely on its router process. Moreover, Cold Spring cites pre- and post-hearing correspondence between the parties in which counsel for the Matthews defendants proposed settling this dispute through a licensing agreement applicable to the cast bronze products (without reference to any specific manufacturing procedure). The Matthews defendants' position in these letters apparently undermines their contention at the hearing that they could not identify the specific products at issue. Cold Spring also notes that the "process" discussed at the hearing would seem to pertain to both the routing and non-routing procedures, suggesting that its counsel's representations regarding the procedure to the Magistrate Judge were and still are true.

In considering a motion to dismiss under Rule 12(b), however, "the court generally must ignore materials outside the pleadings, . . . [although] it may consider some materials that are part of the public record." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (internal quotation marks omitted). The Court cannot and will not consider post-complaint correspondence between and representations made among the parties to determine the sufficiency of the allegations of the First Amended Complaint. The document must stand or fall on its own. To do otherwise would require the Court to convert the motion to dismiss into a motion for summary judgment under Rule 56 and give the parties "a reasonable opportunity to present **all** the material that is pertinent to the motion." Fed. R. Civ. P. 12(d) (emphasis added); *see also BJC Health Sys. v. Columbia Cas. Co.*, 348 F.3d 685, 688 (8th Cir. 2003) ("Consideration

of matters outside the pleading" on a motion to dismiss is harmless only where "the nonmoving party had an adequate opportunity to respond to the motion and material facts were neither disputed nor missing from the record." (Internal quotation marks omitted.)). For several reasons – including the numerous issues of disputed or undiscovered fact such as the nature of Cold Spring's non-router process – the Court deems it inappropriate to treat the Matthews defendants' motion as one for summary judgment. The Court's review must therefore be limited to the First Amended Complaint.

The Magistrate Judge did not, as the Matthews defendants insist, rely on counsel's oral representations at the hearing to conclude that the First Amended Complaint is sufficiently specific. Rather, the Magistrate Judge found it to be sufficient on its face. (R&R at 6, Docket No. 26 ("Although Plaintiff's Amended Complaint is not greatly detailed, **when reviewing the pleading as a whole**, rather than reading limited paragraphs in isolation, **the Court finds that Plaintiff has clearly identified the process that is at issue in this litigation**." (emphasis added)); *see Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) ("[T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible."). The Magistrate Judge characterized Cold Spring's counsel's "description of the process at the hearing [as merely **affirm[ing]** that [the] statement [in the First Amended Complaint] identifies with specificity what is at issue in this declaratory judgment action." (R&R at 8, Docket No. 26 (emphasis altered).) The Magistrate Judge's recommendation did not depend upon counsel's statements, and the veracity of the statements is irrelevant to the Court's disposition of the instant motion. The First

Amended Complaint is sufficiently specific to "give the defendant[s] fair notice of what the . . . claim is and the ground upon which it rests . . . ." *Twombly*, 550 U.S. at 555 (first omission original, internal quotation marks omitted).

## II.     RULE 12(b)(1) CHALLENGE: DECLARATORY JUDGMENT JURISDICTION

The Magistrate Judge also rejected the Matthews defendants' challenge to the Court's subject matter jurisdiction pursuant to Rule 12(b)(1).  A court has subject matter jurisdiction in a patent case under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), where "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (internal quotation marks omitted).  This "substantial controversy" standard is satisfied "where a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without license . . . ." *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007).  The Matthews defendants argue that Cold Spring has failed to establish the existence of a live case or controversy, and object to the Magistrate Judge's conclusion to the contrary.

Specifically, defendants argue that the 2006 letter and dearth of communication between the parties in the four-and-a-half-year period from the issuance of the letter to the filing of this suit weigh against a finding of a live case or controversy.  However,

"following *MedImmune*, . . . a declaratory judgment plaintiff can satisfy the more general all-the-circumstances test" by establishing "a reasonable apprehension of suit." *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1336 (Fed. Cir. 2008). A showing of present activity by the plaintiff that could constitute infringement is unnecessary. *Id.* Indeed, the Court has subject matter jurisdiction over a patent case "where the patentee takes a position that puts the declaratory judgment plaintiff in the position of **either pursuing arguably illegal behavior or abandoning that which he claims a right to do**." *SanDisk*, 480 F.3d at 1381 (emphasis added).

That is precisely Cold Spring's position following the 2006 letter and the issuance of the '959 patent in 2010. Cold Spring could either continue creating the cast bronze products after the patent issued despite the Matthews defendants' prior warning and thereby risk "pursuing arguably illegal behavior[,]" or else "abandon[] that which [it] claims a right to do." *Id.* The gap in time between the 2006 letter and Cold Spring's filing of the lawsuit does not disrupt this finding. *See Birchwood Labs., Inc. v. Battenfeld Techs., Inc.*, No. 09-3555, 2010 WL 1687789, at *1, *4 (D. Minn. Apr. 26, 2010) (finding subject matter jurisdiction under the Declaratory Judgment Act where plaintiff filed suit over three years after patentee told the Patent Office that there was "an infringing device actually on the market" without specifying plaintiff as infringer, and where the parties did not correspond in the interim period).

At the hearing, counsel for the Matthews defendants indicated that they did not have sufficient information on which to decide whether or not to pursue a patent infringement claim against Cold Spring. However, subsequent correspondence between

the parties, discussed above, undermines this contention.  *See Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (in a Rule 12(b)(1) challenge, the Court may consider matters outside the pleadings).  Specifically, the Matthews defendants have indicated that they can resolve this dispute only through a licensing agreement applicable to the cast bronze **products** derived from photographic images, apparently regardless of the manufacturing process used to produce the products and despite the fact that the '959 patent appears to apply only to the router **process** of creating the cast bronze products. Cold Spring, on the other hand, disputes that the '959 patent is valid and enforceable, and argues that neither its router nor non-router manufacturing method infringe on it.

If, as the Matthews defendants seem to propone in their objections, they agree that Cold Spring's non-router process does not infringe on the '959 patent, they are welcome to stipulate as such and thereby narrow the focus of this case.  A live controversy, however, would nonetheless remain regarding the router process arguably covered by the '959 patent and employed by Cold Spring.  Cold Spring's alleged attempt to mitigate potential liability by developing and attempting to deploy a non-router process does not deprive the Court of subject matter jurisdiction.  *See MedImmune*, 549 U.S. at 130 (noting that federal courts have long found jurisdiction in cases "in which the plaintiff's self-avoidance of imminent injury is coerced by threatened enforcement action of a private party . . . ." (original emphasis omitted).).

**ORDER**

Based on the foregoing, and the records, files, and proceedings herein, the Court **OVERRULES** defendants' objection [Docket No. 27] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated June 1, 2011 [Docket No. 26]. Accordingly, **IT IS HEREBY ORDERED** that defendants' Motion to Dismiss [Docket No. 6] is **DENIED**.

DATED:   September 29, 2011
at Minneapolis, Minnesota.

_____
s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge